Dewey, J.
The State on relation of Fravel school-commissioner of LaPorte county, brought an action of debt on the official bond of Arthur McClure, his predecessor in office, *269 against Allen, Perkins, Blake, O. McClure, and O’Hara, *the sureties of Arthur MeClnre, whom they had survived. The bond, as set out in the declaration is for the penalty of $10,000, for the use of congressional townships in the county of LaPorte; and is conditioned “that if the above bounden Arthur McClure would truly and faithfully discharge the duties of the office of school commissioner of and for the county of LaPorte aforesaid, during his continuance in office; and would, at the expiration of his term of service, pay over to his successor in office all moneys which might be at that time in his hands for the use of congressional townships in said county, and which might have come into his hands by virtue of his said office; and deliver over to his successor all books and papers in his hands as commissioner as aforesaid,” &c. Two breaches are assigned. The first was held insufficient on demurrer. The second alleges that Arthur McClure, as school commissioner, received the sum of $1,500, arising irom various designated sources, to the use of a certain township; that the relator, after the death of McClure, was appointed his successor, and was entitled to receive the money from him for the use -of the township. It is then averred: “Yet the said Arthur in his lifetime did not, nor have the said iefendants or either of them, since the death of the said Arthur, paid over to the said Fravel, the successor of the said Arthur as aforesaid, or to any other persons authorized to receive, the same,” the said, sum of money, or any part of it, but have failed and refused and still do fail and refuse so to do; and have used and appropriated the same to their own use. There was also a general demurrer to this breach, which was overruled. A jury being waived, the Couyt found for the plaintiff $593.30 in damages, and rendered judgment accordingly.
The sufficiency of the second breach is the question to be decided. One of the objects of the statute in pursuance of which the bond declared on was taken, is to render secure all moneys which school commissioners may receive by virtue of their office. The bond is, therefore, required to contain a condition that the commissioner shall deliver over to his suc *270 cessor all the money which may have come officially into his hands. R. S., 1838, p. 510. It is objected that this provision does not embrace a case like the present, because it is impossible that a commissioner whose successor is not appointed until after his death, should deliver money to him. To suffer this objection, which is entirely literal, to prevail, would greatly impair the security of the school funds. It would evidently leave moneys in the hands of a commissioner dying while in office entirely without security other than what his effects might afford. Such a state of things, we think, could not have been in the contemplation of the Legislature when prescribing the condition of the commissioner’s bond. Their intention doubtless was that the bond should secure the payment over to the proper officer of all the school funds remaining in a commissioner’s hands at the termination of his service, however that event might be produced, whether by resignation, removal or death. The bond in question is sufficient for that purpose. Under this construction of the law and of the condition of the bond, the second breach is well assigned. It amounts to an averment that the deceased commissioner had in his hands at the time of his death, school funds to a certain amount, which he had not accounted' for, and which belonged to his successor. This, we think, constituted a breach of his bond.
It has been urged that the judgment is for a greater amount than the evidence warrants. This objection is founded on the supposition that the State was not entitled, in this action, to recover more than .the share of the school funds, received by the deceased commissioner, belonging to the particular township named in the declaration. The view which we have taken of the subject precludes this objection. The second breach of the condition of the bond must be considered as covering all the moneys in the deceased commissioner’s hands at the time of his death. The sources from which they were derived, as set out in the declaration, show that they were school funds without reference to the particular township. That reference was not necessary and may be viewed as surplusage. It is *271 also contended that the judgment is for too much, on the ground that it appeared in proof that the deceased commissioner had given two bonds with different sureties, and that a part of the money in his hands at the time of his death was received during the operation of the first bond, and prior to the date of that on which this suit is ^founded. ¥e are not, however, called upon to discriminate between these two bonds, because the evidence shows that the commissioner received money enough, during the existence of the latter, to cover the judgment. .
J. L. Jevnegan, for the plaintiffs.
7. JB. Niles and J. H. Bradley, for the defendant.
Per Curiam.—The judgment is affirmed with costs.