Nov. Term,
1843.

Wright and Others *v.* The State, on the Relation of Wool-
man, &c.

Wright
*v.*
The State.

The declaration, in a suit by the state on the relation of a school-commis-
sioner, alleged, under a videlicet, that the relator was appointed such
commissioner on a certain day. Plea, that the relator was not appointed on
that day. *Held*, that the plea was bad as tendering an immaterial issue.

A school-commissioner may be the relator in an action, founded on the bond
of his predecessor, for the non-payment by the latter to his successor of the
school-funds in his hands at the expiration of his office.

The declaration in such suit need not aver a special demand on the ex-com-
missioner to pay over the funds to his successor.

ERROR to the *Grant* Circuit Court.

Friday,
January 26,
1844.

Dewey, J.—This was an action of debt, in the name of
the state, on the relation of *Woolman*, school-commissioner
of *Grant* county, against *Wright*, a former commissioner,
and his sureties, on his official bond. The condition of the
bond is, that *Wright* should faithfully discharge the duties
of his office, and should, at the expiration of his term of
service, pay over to his successor all moneys which might
then be in his hands for the use of town schools. The
declaration assigns two breaches of the condition of the
bond. The first alleges that, while *Wright* was in office,
he received 10,000 dollars belonging to the relator for the
use of town schools in *Grant* county; that after he re-
ceived the money, " to wit, on the second day of *Septem-
ber*, 1839," the relator was duly appointed school-commis-
sioner and successor of *Wright*, and continued in office
until the commencement of the suit; and that *Wright* had
never in any way accounted for the school-funds which he
had received, and did not at the expiration of his term of
service, or at any other time, pay over the funds to the
relator as his successor, although often requested so to do,
but wholly failed. The second breach is like the first, ex-
cept that it alleges the money in *Wright's* hands to belong
to the " school congressional townships of *Grant* county."
The defendants pleaded nine pleas. The first, third, fifth,
sixth, and eighth pleas led to issues of fact. To the second,
fourth, seventh, and ninth pleas, the plaintiff demurred, and
the demurrers were sustained. Trial by the Court; finding
and judgment for the plaintiff.

Nov. Term, 1843.

WRIGHT
v.
THE STATE.

The plaintiffs in error do not attempt to sustain the fourth and ninth pleas, but they contend that the second and seventh are good. The second plea is to the whole declaration, and alleges " that the said relator was not, on the second day of *September*, 1839, duly and lawfully elected and qualified school-commissioner of the said county of *Grant*, and successor to the said *Wright*, in manner and form," &c. The seventh plea is the same, except that it is to the second breach only.

The substantial allegations in the declaration, to which these pleas were designed to be answers, are, that *Woolman* was appointed school-commissioner of *Grant* county, and became the successor of *Wright* in that office. The appointment is alleged under a videlicet, to have been made on the second day of *September*. The pleas tender an issue as to the *time* of the appointment; they aver that he was not appointed on that day. This is an immaterial matter, and the pleas are bad for attempting to put it in issue.

But it is contended that the declaration is substantially defective, first, because the law does not authorize a school-commissioner to be the relator, in an action on the bond of his predecessor for failing to pay over the school-funds in his hands at the expiration of his office to his successor; and, secondly, because there is no averment in the declaration of a special request of the ex-commissioner to pay the money. Neither of these objections can be sustained. By the statute of 1838, which governs this cause, suits may be brought on the commissioner's bond in the name of the state, for the use of any congressional township, school-district, person or persons, injured by any breach of the same. R. S. 1838, p. 530. We think this provision entitles the successor to be the relator in an action on an ex-commissioner's bond, when the breach complained of is the failure to pay over the school-funds in his hands, at the expiration of his term of service, to his successor. See *Allen et al.* v. *The State*, 6 Blackf. 252. (1). The condition of the bond is not, that the commissioner should pay the funds in his hands to his successor, on demand, but that he should absolutely pay them. No special demand was necessary to sustain the action; but the ex-commissioner was bound to pay the money

to his successor, within a reasonable time after he went out of office, without a demand.   More than a reasonable time elapsed before this suit was commenced—nearly four years.

*Per Curiam.*—The judgment is affirmed, with 2 *per cent.* damages and costs.

*J. Smith* and *D. D. Pratt*, for the plaintiffs.

*J. Brownlee*, for the defendant.

(1) *The State, ex rel.*, &c. v. *Grant et al.*, post, 71.